UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
MAR 0 8 2023
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | CAUSE NO. |
| ) | |
| DOUGLAS GIBSON, ) | 1 : 23 -cr- 0032 JPH MG |
| ) | |
| Defendant. ) | |

**INDICTMENT**

The Grand Jury charges that:

## COUNT 1
### Sexual Exploitation of a Child / Attempted Sexual Exploitation of a Child
### 18 U.S.C. § 2251(a) and (e)

On or about July 3, 2019, within the Southern District of Indiana and elsewhere, the defendant, DOUGLAS GIBSON, did knowingly use, employ, entice, persuade, induce, and coerce Minor Victim 1, and did attempt to use, employ, entice, persuade, induce, and coerce Minor Victim 1, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, knowing or having reason to know that such visual depiction would be transported or shipped in interstate or foreign commerce or mailed, or such visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or such visual depiction was actually transported or shipped in interstate or foreign commerce or mailed, to wit: GIBSON produced and attempted to produce a video of Minor Victim 1 engaged in sexually explicit conduct, as defined by Title 18, United States Code, Section 2256(2), and stored this video, with a file name

ending in 2019-07-03 18 44 08-p, on a Samsung 860 solid state disk drive that had been manufactured outside the State of Indiana.

All of which is in violation of 18 U.S.C. § 2251(a) and (e).

## COUNT 2
### Sexual Exploitation of a Child / Attempted Sexual Exploitation of a Child
### 18 U.S.C. § 2251(a) and (e)

On or about November 11, 2019, within the Southern District of Indiana and elsewhere, the defendant, DOUGLAS GIBSON, did knowingly use, employ, entice, persuade, induce, and coerce Minor Victim 1, and did attempt to use, employ, entice, persuade, induce, and coerce Minor Victim 1, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, knowing or having reason to know that such visual depiction would be transported or shipped in interstate or foreign commerce or mailed, or such visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or such visual depiction was actually transported or shipped in interstate or foreign commerce or mailed, to wit: GIBSON produced and attempted to produce a video of Minor Victim 1 engaged in sexually explicit conduct, as defined by Title 18, United States Code, Section 2256(2), and stored this video, with a file name ending in Ips_2019-11-19.16.49.41.4580 on a Samsung 860 solid state disk drive that had been manufactured outside the State of Indiana.

All of which is in violation of 18 U.S.C. § 2251(a) and (e).

# COUNT 3
## Distribution of Child Pornography
## 18 U.S.C. § 2252(a)(2)

Between on or about June 24, 2021, and on or about June 25, 2021, within the Southern District of Indiana and elsewhere, the defendant, DOUGLAS GIBSON, did knowingly distribute any visual depictions using any means or facility of interstate or foreign commerce, and that has been mailed, or had been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been so mailed or so shipped or transported, by any means, including by computer, and the producing of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of such conduct, to wit: using Kik, an internet-based messaging application, GIBSON knowingly distributed images transmitted through the internet depicting actual minors engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), including the images listed below:

|   | FILE NAME |
|---|-----------|
| A | MD5: d4b685a855f65363648c68d507565ef0: This file depicts a pubescent female, standing up with no shirt or bra. She also exposed her vaginal area to the camera during the recording. |
| B | MD5: 1b2387b300bae45e631849a38842bc78: This file depicts a pre-pubescent female, laying on her back with her legs spread apart and her vaginal area visible. The minor then inserted an object into her vagina for the duration of the video. |

All of which is in violation of Title 18, United States Code, Section 2252(a)(2).

3

## COUNT 4
## Possession of Child Pornography
## 18 U.S.C. § 2252(a)(4)(B) and (b)(2)

On or about September 15, 2022, within the Southern District of Indiana and elsewhere, the defendant, DOUGLAS GIBSON, did knowingly possess one or more books, magazines, periodicals, films, video tapes, and other matter which contain any visual depiction that has been mailed, or has been shipped and transported using any means and facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means, including by computer, and the producing of such visual depictions involved the use of minors engaging in sexually explicit conduct and such visual depictions were of such conduct, to wit: GIBSON knowingly possessed a Samsung 860 solid state disk drive located in an HP laptop, containing such visual depictions of actual minors engaging in sexually explicit conduct, including those listed below, among others, as defined in Title 18, United States Code, Section 2256(2), including one or more visual depictions involving a prepubescent minor or a minor under twelve years of age:

|   | FILE NAME |
|---|---|
| A | 2019-07-03 19-30-00(623)-0 |
| B | 2019-07-03 19-52-29(629)-0 |
| C | 2019-07-03 19-52-29(629)-2 |
| D | 2019-07-03 19-53-03(630)-1 |
| E | 20190817-022801.jpg |
| F | 20190817-022857.jpg |

4

| G | 20190817-023204.jpg |
|---|---|
| H | 20190817-027721.jpg |
| I | 20190817-027729.jpg |
| J | 2021-11-17 00h36m890 |
| K | 2021-11-17 00h36m25s301 |
| L | 2021-11-17 00h36m890 |
| M | 2021-11-17 00h36m42s821 |
| N | 2021-11-17 00h38m17s169 |
| O | 2021-11-17 00h38m37s363 |
| P | 2021-11-17 00h36m51s266 |

All of which is in violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2).

## COUNT 5
### Offense by a Registered Sex Offender
### 18 U.S.C. § 2260A

Between on or about July 3, 2019, and on or about November 11, 2019, within the Southern District of Indiana, the defendant, DOUGLAS GIBSON, an individual required to register as a sex offender under the laws of the state of Indiana, committed a felony offense involving a minor under Title 18, United States Code, Section 2251, as alleged in Counts 1 and 2 of the Indictment.

All of which is in violation of Title 18, United States Code, Section 2260A.

## FORFEITURE

1.  Pursuant to Federal Rule of Criminal Procedure 32.2, the United States hereby notifies the defendant that it will seek forfeiture of property, criminally and/or civilly, pursuant to Title 18, United States Code, Sections 2253 and 2254 as part of any sentence imposed.

2.  Pursuant to Title 18, United States Code, Section 2253, if convicted of the offense set forth in Count 1 of this Indictment, the defendant shall forfeit to the United States:

    A.  any visual depictions described in Title 18, United States Code, Sections 2251, 2251A, or 2252, 2252A, 2252B, or 2260, and any book, magazine, periodical, film, videotape, or other matter which contains any such visual depictions, which were produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Chapter 110;

    B.  any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses of which the defendant is convicted, or any property traceable to such property, such as all computers, storage media, cameras and electronic equipment taken from his person or residence by law enforcement officers during the investigation of these offenses. It also includes any property, real or personal, constituting or traceable to gross profits of other proceeds derived from said offenses.

3.  The property subject to forfeiture includes, but is not necessarily limited to all items confiscated from the Defendant as well as the following:

    A.  Black cell phone: S/N 26E39FD11C217ECE

    B.  Black computer accessory: S/N WX71D389N54

    C.  Black computer accessory: S/N 19034066-0911117B

    D.  Black computer accessory: S/N 1903040666-091120B

6

   E. Black computer S/N 9FFS7L2

4. The United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 18, United States Code, Section 2253(b), if any of the property described above in paragraph 3, as a result of any act or omission of the defendant:

   A. cannot be located upon the exercise of due diligence;

   B. has been transferred or sold to, or deposited with, a third party;

   C. has been placed beyond the jurisdiction of the court;

   D. has been substantially diminished in value; or

   E. has been commingled with other property which cannot be divided without difficulty.

5. In addition, the United States may seek civil forfeiture of the property described above in paragraph 3 pursuant to Title 18, United States Code, Section 2254.



ZACHARY A. MYERS
United States Attorney

Lawrence D. Hilton
Assistant United State Attorney
:KMS